# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 2:19-cv-01791-ODW-KESDate: March 26, 2019

Title: ROBERT DAMON EPPS v. DR. HA, et al.

PRESENT:

### THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):****Order Dismissing Complaint (Dkt. 1) with Leave to Amend**

Robert Damon Epps ("Plaintiff"), an inmate in the custody of California, has filed a civil rights complaint under 28 U.S.C. § 1983 against California prison officials. (Dkt. 1, "Complaint.") Under 28 U.S.C. § 1915A(a), the Court must screen any "complaint in a civil action in which a prisoner seeks redress from a governmental entity, or from an officer or employee of a governmental entity." The Court must dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court has reviewed the Complaint and, as explained more fully below, finds that it currently fails to state a claim against any of the Defendants. The Complaint is therefore DISMISSED WITHOUT PREJUDICE.

## I.LEGAL STANDARD

A complaint may fail to state a claim for two reasons: (1) lack of cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended). In determining whether a complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

Further, where the plaintiff is appearing pro se, the court must construe the allegations of the complaint liberally and must afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, the liberal pleading standard only applies to a plaintiff's factual allegations. "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997).

With respect to a plaintiff's pleading burden, the Supreme Court has held: "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do …. Factual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citation and quotation marks omitted).

Although the scope of review generally is limited to the contents of the complaint, the Court may also consider documents attached to the complaint. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Exhibits that contradict the allegations of a complaint may fatally undermine those allegations. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including … details contrary to his claims").

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.　FACTUAL ALLEGATIONS IN THE COMPLAINT

During the events giving rise to the Complaint, Plaintiff was incarcerated at California State Prison – Los Angeles in Lancaster, CA ("CSP-LAC"). Defendants are alleged to be employees of CSP-LAC. (Compl. at 2-3.)

On August 24, 2018, Plaintiff "complained to the RN [registered nurse] that [he] had pain in [his] neck, back, shoulder, and arm." (Compl. at 5.) The RN "ordered Naproxen and told [him] if it didn't work to come back." (Id.)

"It didn't work," so he returned on September 5, 2018. (Id.) The RN told him that he

"would see the doctor on or before" September 19, 2018. (Id.) However, he "didn't see Dr. Ha until" October 8, 2018. (Id.)

Dr. Ha prescribed "Motrin and topical cream for pain." (Id.) Plaintiff asked why she was ordering Motrin and not ordering an MRI. (Id.) She replied that Plaintiff was suffering from "skeletal nerve pain," and "[t]hat was the end of [the] discussion." (Id.) Plaintiff contends that Dr. Ha should have prescribed physical therapy, conducted an MRI, and referred him to treatment by an orthopedic specialist. (Id.)

On November 27, 2018, Dr. Hernandez informed Plaintiff that "something was wrong with [his] heart" based on an EKG. (Compl. at 7.) Dr. Hernandez "said that [Plaintiff] would be seen by a cardiologist at an outside hospital." (Id.) When Plaintiff explained that he was having "pain … in [his] upper body," Dr. Hernandez said "that he would put in an order to have it looked at when [Plaintiff] got to see the cardiologist." (Id.) Plaintiff "ask[ed] to be put on a narcotic and that was denied…." (Id.) As of February 27, 2019, when Plaintiff signed the Complaint, he had not been seen by a cardiologist. (Id.)

On February 7, 2019, Dr. Hernandez diagnosed Plaintiff with a rotator cuff tear and referred Plaintiff to physical therapy. (Id.) A licensed vocational nurse ("LVN") "told Plaintiff [that he would not] be seen for another 2 months so [he has] to sit here in pain." (Id.)

Plaintiff complains that "it took medical staff six months to diagnose and treat a tear in [Plaintiff's] rotator cuff" and alleges that Drs. Ha and Hernandez should have diagnosed this tear sooner. (Compl. at 2-3.)

### III. ANALYSIS

#### A. The Complaint fails to state a claim against Dr. Hernandez in his official capacity.

The Eleventh Amendment bars suits against a state and its agencies and instrumentalities unless the state has consented to the filing of the suit. Alabama v. Pugh, 438 U.S. 781, 781 (1978). Eleventh Amendment immunity is not abrogated by 42 U.S.C. § 1983. L.A. Branch NAACP v. L.A. Unified School Dist., 714 F.2d 946, 950 (9th Cir. 1983) (citing Quern v. Jordan, 440 U.S. 332, 342 (1979)). "This Eleventh Amendment immunity extends to suits against a state agency, including a state prison." McMann v. Pelican Bay State Prison, No. 95-3248, 1995 U.S. Dist. LEXIS 17459 at *3, 1995 WL 705127, at *1 (N.D. Cal. Nov. 16, 1995); see also Lucero v. Hensley, 920 F. Supp. 1067, 1076 (C.D. Cal. 1996) ("[T]o the extent plaintiff seek relief against CMC [the California Men's Colony] . . . CMC is not a proper defendant.").

In Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. Id. at 64-66. The Supreme Court reasoned

that a suit against a state official in his or her official capacity is a suit against the official's office, and as such is no different from a suit against the State itself, which would be barred by the Eleventh Amendment. Id.; see also Holley v. Cal. Dept. Of Corrections, 599 F.3d 1108, 1111 (9th Cir. 2010).

"[A] suit for prospective injunctive relief provides a narrow, but well-established exception to Eleventh Amendment immunity." Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007) (citing Ex Parte Young, 209 U.S. 123 (1908)). "[C]ertain suits seeking declaratory and injunctive relief against unconstitutional actions taken by state officers in their official capacities" are not barred by the Eleventh Amendment. Rounds v. Ore. State Bd. of Higher Educ., 166 F.3d 1302, 1036 (9th Cir. 1999). "In determining whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges on ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc. v. PSC, 535 U.S. 635, 645 (2002) (citation omitted).

The Complaint indicates that Dr. Ha is being sued in his individual capacity, but Dr. Hernandez is being sued in his official capacity. (Compl. at 3 ¶¶ 1-2.) The official capacity claim against Dr. Hernandez is barred by the Eleventh Amendment. The claim does not fit within the Ex Parte Young exception for claims seeking prospective injunctive relief, because Plaintiff seeks only "restitution for pain and suffering." (Id. at 6 ¶ E.)

### B.　　**The Complaint fails to state a claim for deliberate indifference under the Eighth Amendment against either Defendant.**

The "unnecessary and wanton infliction of pain" upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment and is actionable under 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The government must provide medical care for those whom it punishes by incarceration, and cannot be deliberately indifferent to the medical needs of its prisoners. Id. "Deliberate indifference" can arise in the medical care itself, or when prison officials "deny, delay, or intentionally interfere with medical treatment." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

To establish an Eighth Amendment violation, a prisoner must satisfy the objective and subjective components of a two-part test. Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002). To meet the objective element of the standard, a plaintiff must demonstrate a serious medical need. Estelle, 429 U.S. at 104. A serious need exists if failure to treat the injury or condition could result in further significant injury or cause the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)). A prison official is deliberately indifferent under the subjective element of the test only if the official knows of and disregards an excessive risk to inmate health and safety. Toguchi, 391 F.3d at 1057. This requires more than ordinary lack of due care. Farmer v. Brennan, 511 U.S. 825, 835 (1994). "[T]he official must

both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Furthermore, a difference of medical opinion cannot support a claim of deliberate indifference. Id. at 1060. "In other words, where a defendant has based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as a matter of law." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

The Complaint alleges that Drs. Ha and Hernandez should have diagnosed Plaintiff's torn rotator cuff at an earlier date. (Compl. at 3.) Liberally construed, the Complaint appears to allege that, in October 2018, Dr. Ha misdiagnosed his torn rotator cuff as "skeletal nerve pain" and therefore failed to prescribe physical therapy, an MRI, and referral to an orthopedic specialist. (Id. at 5.) The Complaint admits, however, that Dr. Ha prescribed "Motrin and topical cream for [Plaintiff's] pain." (Id.) The Complaint also appears to allege that, in November 2018, Dr. Hernandez misdiagnosed the pain from the torn rotator cuff as related to a heart problem and declined to prescribe narcotic pain medication for Plaintiff. (Id. at 7.)

At best, these allegations demonstrate negligent diagnoses by Drs. Ha and Hernandez. Because the doctors were providing treatment for the conditions from which they believed Plaintiff was suffering, Plaintiff has not alleged facts demonstrating that they subjectively knew of and disregarded the risk to his health and safety that a torn rotator cuff posed. Defendants' decision to provide Motrin and topical pain cream, rather than narcotic pain medication, likewise does not demonstrate deliberate indifference. See Alicea v. SCORE Jail, No. 16-5153, 2016 U.S. Dist. LEXIS 162013 at *11-12, 2016 WL 6876577 at *4 (W.D. Wash. Oct. 31, 2016) (collecting cases where "[n]umerous courts have found that the failure to give narcotic painkillers instead of non-narcotic painkillers is not proof of deliberate indifference"), report and recommendation adopted, 2016 U.S. Dist. LEXIS 162004, 2016 WL 6836981 (W.D. Wash. Nov. 21, 2016).

## IV.   CONCLUSION

IT IS HEREBY ORDERED that the Complaint (Dkt. 1) is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that, **on or before April 25, 2019,** Plaintiff shall (a) file a First Amended Complaint that attempts to remedy the defects described above, (b) voluntarily dismiss the Complaint, or (c) re-file the Complaint without any material changes.

If Plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned to this case (2:19-cv-01791-ODW-KES), be labeled "First Amended Complaint," and

be complete in and of itself without reference to the original Complaint or any other documents (except any documents that are attached to the First Amended Complaint as exhibits).

If Plaintiff chooses to simply re-file the Complaint without any material changes, the Magistrate Judge may recommend that the District Judge dismiss the Complaint with prejudice and without leave to amend.

**If Plaintiff fails to timely respond to this order, this action may be dismissed for lack of diligent prosecution and/or failure to obey court orders.**

The Clerk is directed to provide Plaintiff with a copy of Form CV-066 for filing federal civil rights complaints and Form CV-09 for voluntary dismissal.

Initials of Deputy Clerk <u>JD</u>